**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

HELEN T. PAUL,

                      Plaintiff,

             v.                                  15-CV-310-RJA-HBS
                                              **DECISION AND ORDER**

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

                    Defendant.
_____

      The Court referred this case to Magistrate Judge Hugh B. Scott pursuant to 28 U.S.C. § 636(b)(1).  On May 6, 2016, Judge Scott filed a Report and Recommendation (Docket No. 11) which recommends that the Court (1) deny the Commissioner's motion for judgment on the pleadings, and (2) grant the Plaintiff's cross-motion and remand to the Commissioner.

      The Commissioner has objected to part of Judge Scott's recommendation.  The Court reviews the matter to which the Commissioner objected _de novo._ 28 U.S.C. § 636(b)(1).  The Court reviews all other aspects of the Report and Recommendation for clear error.  _See Mineweaser v. City of N. Townawanda_, 2016 WL 3279574, at *2 (W.D.N.Y. June 15, 2016).  For the reasons stated below, the Court adopts the Report and Recommendation in its entirety.

### DISCUSSION

      The Court assumes familiarity with this case's factual and procedural background, which Judge Scott set out in detail in his Report and Recommendation.

As is relevant to the Commissioner's objections, the Administrative Law Judge (ALJ) concluded that the Plaintiff has "the residual functional capacity [RFC] to perform light work . . . except she should not perform complex tasks." Tr. 22.  A Social Security claimant's RFC is the "most [a claimant] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a)(1).  The Commissioner's regulations require the ALJ to "compare [the claimant's] [RFC] assessment . . . with the physical and mental demands of [the claimant's] past relevant work." 20 C.F.R. §§ 404.1520(f), 416.920(f).  If, based on that assessment, the claimant is able to perform his or her past work, the Commissioner will find that the claimant is not "disabled" within the meaning of the Social Security Act. *Id.* However, if a claimant cannot perform his or her past relevant work, the Commissioner must consider whether, based on the claimant's RFC, as well as his or her "age, education, and work experience," the claimant "can make an adjustment to other work." 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).  If the claimant can adjust to other work, he or she is not "disabled." *Id.* But if the claimant cannot perform any other work, he or she is "disabled." *Id.*

As noted, in this case the ALJ concluded that the Plaintiff had the RFC to perform "light" work.  The Commissioner defines "light" work as work that "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.  To be considered capable of performing a full or wide range of light work, [the claimant] must have the

ability to do substantially all of these activities."  20 C.F.R. § 404.1567(b).  *See also* 404 C.F.R. § 416.967(b).

Judge Scott recommends remanding this case to the Commissioner because, Judge Scott concluded, "the ALJ did not perform a function-by-function assessment, which hinders review."  Docket No. 16 at 10.  Specifically, Judge Scott noted, "[i]t is not clear that plaintiff has limitations in her ability to sit, stand, or walk for up to six hours, as required for performing light work. . . [T]he ALJ does not show in the record how he arrived at the functional finding absent reference to the residual functional capacity he found."  *Id.*

The Commissioner objects to this conclusion.  She argues that "the Second Circuit has expressly declined to adopt a *per se* rule that an ALJ's failure to conduct an explicit function-by-function assessment should result in remand" and that, instead, "the Second Circuit has clarified that the 'relevant inquiry is whether the ALJ applied the correct legal standards and whether the ALJ's determination is supported by substantial evidence.'"  Docket No. 17 at 3 (quoting *Cichocki v. Astrue*, 729 F.3d 172, 178-79 (2d Cir. 2013)).  In *Cichocki v. Astrue*, 729 F.3d 172 (2d Cir. 2013)—the case on which the Commissioner relies—the Second Circuit held that, "[w]here an ALJ's analysis . . . regarding a claimant's functional limitations and restrictions affords an adequate basis for meaningful judicial review, applies the proper legal standards, and is supported by substantial evidence such that additional analysis would be unnecessary or superfluous . . . remand is not necessary merely because an explicit function-by-function analysis was not performed."  *Id.* at 177.  In contrast, the Second Circuit noted, "[r]emand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform

relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Id.*

In this case, the ALJ determined that the Plaintiff had the RFC to perform "light" work by relying, in part, on a medical source statement by Dr. Nikita Dave, M.D.  Tr. 24. Dr. Dave concluded that the Plaintiff has "[m]oderate limitations for prolonged sitting, standing, bending, or twisting through the lumbar spine and lifting, carrying, pushing, and pulling of greater than lightly weighted objects, and repetitive climbing and squatting."  Tr. 263.  The ALJ stated that he "place[d] significant weight" on Dr. Dave's opinion and "conclude[d] that [Dr. Dave's opinion] corresponds to the ability to perform a full range of light work."  Tr. 24.  Specifically, the ALJ noted, Dr. Dave "is familiar with Social Security's rules and regulations regarding physical impairments and disability, while his medical source statement is consistent with . . . findings on diagnostic imaging studies."  *Id.*  In contrast, the ALJ stated that he gave "little weight to the functional limitations assessed by [the Plaintiff's] primary treating care physician," Tr. 25, who determined that the Plaintiff's functional limitations allowed her to perform "a low stress job," and who also noted that the Plaintiff "could stand for two hours in an eight-hour workday, but could only sit for four hours in an eight-hour workday."  Tr. 25 (referencing Tr. 407-412).  The Plaintiff's treating physician further opined that the Plaintiff "could lift 10 pounds frequently but rarely 20 pounds and that she would be absent from work approximately 3 days per month, because of her impairments."  *Id.*

The Court agrees with Magistrate Judge Scott that the ALJ's analysis "fails to asses [the] claimant's capacity to perform relevant functions" and, therefore, "frustrate[s] meaningful review."  *Cichocki*, 729 F.3d at 177.   The Court agrees with the

Commissioner that remand is not required simply because the ALJ did not perform a function-by-function analysis of the Plaintiff's RFC.  *See id.* at 177-78.  But in this case the ALJ largely equated Dr. Dave's finding of "moderate limitations" with an RFC of "light" work and stated that Dr. Dave "is familiar with Social Security's rules and regulations regarding physical impairments and disability."  Tr. 24.  While the ALJ need not "provide a narrative discussion for each function," the ALJ must still "avoid perfunctory determinations by considering all of the claimant's functional limitations, describing how the evidence supports [his] conclusions, and discussing the claimant's ability to maintain sustained work activity."  *Novak v. Astrue*, No. 07 Civ. 8435(SAS), 2008 WL 2882638, at *3 (S.D.N.Y. July 25, 2008).

The Commissioner points to evidence in the record, other than Dr. Dave's opinion, that she says is consistent with the ALJ's RFC finding.  *See* Docket No. 17 at 4-5.  While the ALJ may, of course, rely on this evidence on remand (in addition to Dr. Dave's opinion), the ALJ's current RFC assessment relies on Dr. Dave's opinion and then "largely summarizes the medical record without tying this evidence to the physical demands . . . of light work."  *Holste v. Colvin*, 15-CV-582-FPG, 2016 WL 3945814, at *4 (W.D.N.Y. July 19, 2016).  In other words, the ALJ's RFC finding as to the Plaintiff's physical impairments does not provide the Court, as it must, with "the ALJ's rationale in relation to the evidence."  *Cichocki*, 729 F.3d at 177.  *See also Buchanan v. Colvin*, 15-CV-88S, 2016 WL 2729593, at *4 (W.D.N.Y. May 11, 2016) ("[B]ecause the ALJ failed to provide any reasoning behind the RFC, or explanation as to how sedentary work is consistent with Plaintiff's moderate physical limitations, this Court is unable to conduct a meaningful review as to whether the RFC is supported by substantial evidence.")  To be

clear, on remand the ALJ need not conduct "an explicit function-by-function analysis" of the Plaintiff's RFC. *Cichocki*, 729 F.3d at 177. Nor must the ALJ "recite every piece of evidence that contributed to [his] decision." *Id.* at 178 n.3. Instead, the ALJ must simply explain the link between his RFC assessment and the record evidence supporting that assessment.

## CONCLUSION

For the reasons stated above, the Court adopts the Report and Recommendation (Docket No. 16) in its entirety. The Plaintiff's motion for judgment on the pleadings is granted (Docket No. 9), and the Commissioner's motion for judgment on the pleadings (Docket No. 14) is denied. The decision of the Commissioner is reversed, and this matter is remanded for further administrative proceedings.

**SO ORDERED.**


Dated: October 27, 2016                         _____*s/Richard J. Arcara*_____
        Buffalo, New York                         HONORABLE RICHARD J. ARCARA
                                                  UNITED STATES DISTRICT JUDGE